UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GREGORY M. RAWLS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action
No. 23-431(CPO) (AMD)

**OPINION**

**O'HEARN, District Judge.**

Before the Court is Plaintiff's Complaint raising claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). For the reasons stated in this Opinion, the Court will dismiss with prejudice Plaintiff's claims against the United States, for lack of subject matter jurisdiction.

## I. BACKGROUND[1]

This case arises from Plaintiff's incarceration at Bayside State Prison, in Leesburg, New Jersey. The Court gathers from the limited factual allegations that Plaintiff contracted COVID-19 on January 19, 2021, while housed at Bayside State Prison. (ECF No. 1, at 1.) Plaintiff names only the United States of America as a Defendant. (*Id.* at 1–2.) Plaintiff contends that Defendant was "deliberately indifferent as well as negligent to Plaintiff" because the prison failed to abide by federal guidelines regarding the COVID-19 pandemic. (*Id.*)

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff filed the instant Complaint in January of 2023. In terms of relief, Plaintiff seeks compensatory damages in the amount of $1,000,000.00, and $100,000.00 for his mental and emotional distress. (*Id*. at 2.)

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity" and in cases where the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

2

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that a person acting under color of federal law caused the deprivation. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006). The Court will construe the Complaint as alleging that Defendant was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment.

The Court, however, need not address the merits of Plaintiff's claims as he has sued a party that is immune from suit. Under our jurisprudence, sovereign immunity bars any claims against the United States, federal agencies, and federal officials in their official capacities, unless the United States explicitly waives its immunity. *See, e.g.*, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008); *Jaffee v. United States*, 592 F.2d 712, 717–18 (3d Cir. 1979); *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 436 (D.N.J. 2018). In other words, "the United States is not subject to suit for constitutional torts, including

3

the civil rights claims Plaintiff seeks to raise, and is entitled to absolute sovereign immunity in this matter." *See, e.g.*, *Pittman v. United States*, No. 21-10123, 2021 WL 2260518, at *2 (D.N.J. June 2, 2021) (footnote omitted). "Sovereign immunity not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States." *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

Consequently, the United States is immune from suit and this Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, the Court will dismiss with prejudice Plaintiff's claims against the United States. Finally, as no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims against the United States, for lack of subject matter jurisdiction. If Plaintiff believes he can assert claims against a party that is not immune from suit, he must file those claims through a new complaint, under a new docket number. An appropriate Order follows.

Dated:  June 1, 2023

> /s/ Christine P. O'Hearn
> **Christine P. O'Hearn**
> **United States District Judge**